IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUN FANG, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 22-cv-05746 |
| | ) Judge Sharon Johnson Coleman |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) |
|         Defendants. | ) |

**ORDER**

This case has reached an inflection point. On the one hand, defendants Joybuy, Joybuy America, Joybuy Express, and Joybuy Fashion (collectively, the "Joybuy defendants") have repeatedly requested to stay the deadline to file an answer (based upon the prospect of settlement) and have moved to sever the case, arguing that their status as a platform creates such a tenuous connection between themselves and the other defendants that joinder is impermissible. On the other hand, the Joybuy defendants now contest plaintiff Jun Fang's motion for default as to the non-excluded and non-dismissed defendants, relying on *Sack v. Seid*, No. 01 C 6747, 2002 WL 31409573, (N.D. Ill. Oct. 24, 2002) (Darrah, J.), where the district court denied a motion for default when defendants were charged with *joint* liability and the moving defendant allegedly had *control* over defaulting defendants. *Id.* at *2–3. The Joybuy defendants cannot have it both ways. It's clear this case has lost its moorings, and the Court must get it back on track.

The Joybuy defendants' motion to sever has been pending for a few months, but the Court delayed ruling on it based on the parties' representations that they could settle amicably outside of court. The Court hoped that delaying its Order would prevent the parties and the Court from

1

having to expend further resources on this case. Based on statements made in Court during the June 14, 2023 status conference, settlement seems improbable and the parties appear prepared to proceed full steam ahead. Thus, the Court will now consider the Joybuy defendants' motion for severance. For the following reasons, the Court grants the Joybuy defendants' motion. As a result, the Joybuy defendants will not be provided an opportunity to respond to plaintiff's motion for default. The Court grants plaintiff's motion, subject to the conditions stated on the record.

## STATEMENT

When parties are misjoined, the Court can order the parties to be severed. *See* Fed. R. Civ. P. 21; *H-D U.S.A. v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, No. 21-cv-01041, 2021 WL 780486, at *2 (N.D. Ill. Mar. 1, 2021) (Aspen, J.). Pursuant to Federal Rule of Civil Procedure 20, defendants can be joined in a single action when the claims are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and there exists a question of law or fact common to all defendants. Fed. R. Civ. P. 20. Courts have found that the "same transaction or occurrence" can be established through a "logical relationship between the separate causes of action," which exists when there is "substantial evidentiary overlap in the facts." *Estée Lauder Cosms. Ltd. v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020) [hereinafter "*Estée Lauder I*"] (Chang, J.). As part of the Rule 20 inquiry, "courts should 'consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.'" *Id.* Courts retain considerable discretion in deciding whether defendants have been properly joined, as well as whether to order severance. *See UWM Student Ass'n. v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

Courts in this district have increasingly held that plaintiffs cannot join dozens, if not hundreds, of defendants under Rule 20 by merely alleging that they infringed on the same trademark. *See, e.g.*, *Estée Lauder I*, 334 F.R.D. at 187; *H-D U.S.A*, 2021 WL 780486, at *2–3;

2

6/22/20 Order, *Estée Lauder Cosms. Ltd. v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, No. 20-cv-00845 (N.D. Ill. June 22, 2020) [hereinafter "*Estée Lauder II*"] (Lee, J.), ECF No. 40. These courts reasoned that "one defendant's alleged infringement does not 'arise out of the same transaction, occurrence, or series of transactions or occurrences' as another defendant's unrelated infringement." *Estée Lauder I*, 334 F.R.D. at 187 (quoting Fed. R. Civ. P. 20(a)(2)(A)).

According to her complaint, plaintiff holds trademarks associated with the design of keychains. She alleges that the 473 defendants "are an interrelated group of counterfeiters working in active concert to knowingly and willingly manufacture, import, distribute, offer for sale, and sell" counterfeit keychains. (Dkt. 1, ¶ 16.) The Joybuy defendants, however, contend that their tenuous connections with the other defendants fail to meet the requirements set forth in Rule 20, such that their case should be severed from the other defendants. They claim that plaintiff conclusorily alleges similarities between defendants. Plaintiff, however, claims that all defendants fit into a similar profile by concealing their identities and showing evidence of market coordination through use of the same advertising and marketing strategies.

The Court finds that plaintiff's allegations fail to meet the standard set forth in Rule 20. For example, while plaintiff alleges the parties conceal their identities, this allegation "would likely apply to counterfeiters at large," as a counterfeit product online retailer would have an incentive to avoid trademark enforcement. *Estée Lauder II*, No. 20-cv-00845, ECF No. 40, at 10. Furthermore, plaintiff actually alleges *differences* between how defendants use the trademarks. (*See* Dkt. 1, ¶ 40) ("Some Defendants will use the Plaintiff Mark, without authorization, in the product description, titles or meta tag of their store listings to attract customers who are searching for genuine Plaintiff Products. Other Defendants will reproduce the Plaintiff Mark within their product listing images."). Lastly, even though the allegedly infringing products are similar, the key chains and their descriptions have sufficient differences such that the Court does not draw an inference that the

3

Joybuy defendants are connected to the other defendants. *See Estée Lauder I*, 334 F.R.D. at 188. Therefore, the Court finds that plaintiff insufficiently alleged that the Joybuy defendants' alleged conduct arose from the same transaction or occurrence, or same series of transactions or occurrences, as the other defendants.

Plaintiff argues that the Court should permit joinder because she faced a "swarm" of attacks on her trademark rights that meets the definition of "occurrence."[1] *See Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A,"*, 334 F.R.D. 511, 517 (N.D. Ill. 2020) (Durkin, J.) (finding that defendants can seek "shelter" from the court for attacks from a swarm of trademark violations). The Court notes that courts within this District are split on how to approach joinder in Schedule A cases, but finds the rationale established in *Estée Lauder I* to be appropriate in this case. Although plaintiff expresses concern that adopting a narrower approach will not permit any joinder of defendants, courts have indeed allowed joinder of defendants in counterfeit products cases where defendants' sales of products were sufficiently related. *See, e.g., Pow! Ent., LLC v. Individuals, Corps., Ltd. Liab. Co., P'ships, and Unincorporated Ass'ns Identified on Schedule A*, No. 20 C 6550, 2020 WL 11272646 (N.D. Ill. Dec. 14, 2020) (Lee, J.). Thus, the Court declines to follow *Bose* in this instance.

Lastly, the Joybuy defendants contend that they are distinguishable from other defendants due to their status as a platform. Plaintiff disputes this characterization. This Court has yet to make a ruling on whether the Joybuy defendants are platforms and does not find it necessary to make such a ruling now. Nonetheless, the Court finds that this defense supports severing the Joybuy defendants from the other defendants. Even though the Court declines to follow the general approach adopted in *Bose*, it finds the *Bose* Court's discussion of factors supporting severance persuasive. In *Bose,* the court noted that "[t]o the extent any defendant appears and raises defenses

---

[1] The Court notes the Joybuy defendants' argument that plaintiff's "swarm" theory is inherently inconsistent with its request for default as to some, but not, all defendants. Because the Court is severing the case, the Court does not further engage with this argument.

that differentiate it from the [other defendants], the Court can always sever that defendant's case under Rule 21." *Bose*, 334 F.R.D. at 517. Here, where the issue as to whether the Joybuy defendants are a platform has garnered significant attention by the parties, the Court finds that this defense differentiates the Joybuy defendants from other defendants, such that severance is appropriate.

For the aforementioned reasons, the Court grants the Joybuy defendants' motion and orders the Joybuy defendants to be severed from the remaining defendants [59].[2] Because the Court grants this motion, the Court does not permit the Joybuy defendants to respond to plaintiff's motion for default. Thus, as the Court explained on the record, the Court grants plaintiff's motion for entry of default as to all non-excluded and non-dismissed defendants [96]. Plaintiff is awarded $50,000 as to each defaulting defendant and must amend its proposed order accordingly. Plaintiff's pending motion for a preliminary injunction is stricken as moot [35].

IT IS SO ORDERED.

Date: 6/16/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[2] Because the Court finds severance appropriate on the above bases, the Court does not consider the alternative arguments provided by the parties. Furthermore, the Court acknowledges that the above arguments for severance could apply more broadly to all defendants in the action. The Court notes that the Joybuy defendants' unique defense supports severance from the other defendants. Nonetheless, at this late stage in the case, where many defendants have already been voluntarily dismissed from the action and plaintiff seeks default, the Court, in its discretion, declines to *sue sponte* order severance of any of the remaining defendants.

5