**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jun Fang, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:22-cv-05746 |
| | ) | |
| v. | ) | Dist. Judge Sharon Johnson Coleman |
| The Partnerships and | ) | |
| Unincorporated Associations | ) | Mag. Judge Sunil R. Harjani |
| Identified in Schedule "A," | ) | |
| Defendants. | ) | |

**Plaintiff's Motion to Strike Defendants HokusTrinkets and hokuokalani45's Answer and Affirmative Defenses [Dkt. 66] and Amended Answer and Affirmative Defenses [Dkt. 104]**

**NOW COMES** Plaintiff Jun Fang ("Plaintiff") and submits this motion to strike Defendants HokusTrinkets and hokuokalani45's (collectively, "Defendants") Answer and Affirmative Defenses ("Answer") [Dkt. 66] and Amended Answer and Affirmative Defenses ("Amended Answer") [Dkt. 104].

**I. Defendants' answer fails to comply with Local Rule 10.1 and the Federal Rules of Civil Procedure.**

Local Rule 10.1 requires that "[r]esponsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed." IL R USDCTND LR 10.1. Defendants' Answer and Amended Answer do not satisfy the requirement of Rule 10.1 because they only include a single responsive paragraph that refers to every paragraph included in the complaint. *See*, Cont'l Cas. Co. v. Duckson, No. 11-CV-00459, 2011 WL 2293873 at *2 (N.D. Ill. June 9, 2011). In addition, the paragraphs of the Answer and Amended Answer fail to concisely summarize the allegations to which they are responding, requiring the court to "lay two pleadings side by side, and to shift constantly from one to the other,

to see just what has and has not been placed in issue, the very burden the local rule seeks to avoid." Id. (internal citations omitted).

Defendants' Answer and Amended Answer also violates the requirements of Federal Rule of Civil Procedure 8(b). Fed. R. Civ. P. 8(b) provides that, in responding to a pleading, a party must admit or deny the allegations asserted against it by the opposing party. Fed. R. Civ. P. 8(b)(1)(B); United States ex rel. McCarthy v. Marathon Techs., Inc., No. 11-CV-7071, 2015 WL 1868144 at *2 (N.D. Ill. Apr. 22, 2015). Furthermore, any denial "must fairly respond to the substance of the allegation" to which such denial is directed. Fed. R. Civ. P. 8(b)(2). A general denial of all facts is permissible in some cases, but must be done so in good faith – if a party cannot deny all of an allegation in good faith, it must specifically admit the part that is true and deny the rest. Fed. R. Civ. P. 8(b)(3)-(4); Pavlik v. FDIC, No. 10 C 816, 2010 WL 3937621 at *3 (N.D. Ill. Oct. 5, 2010). However, factual allegations cannot be denied unless such a denial is warranted on the evidence or reasonably based on a belief or lack of information. See Fed. R. Civ. P. 11(b)(4). Finally, if a responsive pleading is required and an allegation is not denied, then the allegation is deemed admitted. Fed. R. Civ. P. 8(b)(6).

Plaintiff's detailed factual allegations in the Complaint are specific factual allegations which are not satisfied by a mere general denial. Yet Defendants' Answer and Amended Answer fail to substantively respond to each of these factual allegations, and instead Defendants rely solely on a general denial as to all facts included in the Complaint. This use of a "blanket denial" is improper here. See, Trustees of Auto. Mechanics Loc. No. 701 Pension & Welfare Funds v. Union Bank of California, N.A., No. 08 C 7217, 2009 WL 4668580 at *1 (N.D. Ill. Dec. 2, 2009) (finding that defendant's blanket denials were inappropriate and stating that Rule 8(b) called for "close scrutiny and substantive responses" to the factual allegations of the complaint); see also, Charles

Novins, Esq., P.C., v. Cannon, 2010 WL 3522793, at *2-3 (D.N.J. Sept 2, 2010) (denying counter-defendants' motion to vacate default judgment against them for failing to properly respond to counterclaims and granting counter-plaintiffs' motion to treat those allegations not responded to properly by counter-defendant as admitted);. Johnson v. Van Boening, 2009 WL 1765768, at *9 (W.D. Wash. June 18, 2009) (denying defendant's request that it be allowed to answer plaintiff's complaint with general denials).

Rule 11(b)(4) requires that "the denials of factual contentions [be] warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(4). Accordingly, Defendants are under an obligation to respond honestly to Plaintiff's well-pled allegations. Coach, Inc. v. Bella, 2012 WL 689266 at *1 (N.D. Ill. Feb. 29, 2012). In responding to a complaint, "very often it doesn't require much in the way of information to form a belief about the truth or lack of truth in someone else's assertions." Id. (internal citations omitted). Despite this generally low bar, Defendants state they are without sufficient knowledge or information to admit or deny every single factual allegation of Plaintiff's Complaint. This results in the bizarre scenario where Defendants deny every factual allegation of the Complaint by merely asserting ignorance. These blanket denials are certainly not warranted on the evidence, Defendants' lack of knowledge, or a good faith reasonable belief. *See*, Okere v. Chicago Transit Auth., No. 14 C 10115, 2016 WL 3538931 (N.D. Ill. June 29, 2016) at *4 ("This Court cannot comprehend how some of the denials or assertions of ignorance contained in that statement were made in the good faith required by Rule 11(b)(4)."). Defendants cannot in good faith contend that the general denials of each and every allegation of the Complaint was necessary because they were unable to respond to the factual allegations contained therein. *See*, Bisharat v. Vill. of Niles, No. 10 C 594, 2010 WL 3019962 at *1 (N.D. Ill. July 29, 2010) (striking defendant's answer and

instructing him to take a "hard look" at each disclaimer to determine whether he can really disclaim a lack of information as to plaintiff's various allegations in accordance with the good faith standard demanded by Rule 11(b)).

Instead of properly responding to the Complaint, Defendants Answer and Amended Answer offer as little information as possible, and such an approach is improper, insufficient, and should not be tolerated by this Court. Santana v. Cook Cnty. Bd. of Rev., 2010 WL 1611003 at *2 (N.D. Ill. Apr. 21, 2010) (striking defendant's answer asserting a general denial and instructing defense counsel to file an amended answer speaking directly to each factual allegation in the complaint). As such, Defendants Answer and Amended Answer should be struck in their entirety.

## II. Defendants' affirmative defenses should be stricken.

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or a redundant, immaterial, impertinent or scandalous matter." Delta Consulting Grp., Inc. v. R. Randle Constr. Inc., 554 F.3d 1133, 1141 (7th Cir. 2009) (citing Fed. R. Civ. P. 12(f)). Affirmative defenses are subject to a motion to strike under Rule 12(f) when they are "nothing but bare bones conclusory allegations" that fail "to allege the necessary elements of the alleged claims." Heller Fin. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). Although motions to strike are disfavored by courts due to the possibility of delay, the removal of unnecessary clutter from a case can help to expedite a case. Id. Accordingly, courts have found affirmative defenses that fail to set forth a short plain statement of the elements of the defense or are bare legal conclusions should be stricken from a defendant's answer. Davis v. Elite Mortg. Servs., Inc., 592 F. Supp. 2d 1052, 1059 (N.D. Ill. 2009) (striking affirmative defenses where "[b]oth affirmative defenses fail to point to specific allegations in the pleadings that satisfy the essential elements of either defense."); Manley v. Boat/U.S. Inc., 2016 WL 1213731 at *7 (N.D.

Ill. Mar. 29, 2016) (affirmative defenses stricken where "[defendant] fail[ed] to connect the relevant facts to the applicable defenses"); Bobbitt v. Victorian House, Inc., 532 F. Supp. 734, 738 (N.D. Ill. 1982) ("While an affirmative defense need only be a brief statement . . . it must provide [the plaintiff] with adequate notice of the relevant elements").

Defendants assert a defense for "failure to state a claim," but that is not an affirmative defense, and it should be stricken. Kenall Mfg. Co. v. Cooper Lighting, LLC, 354 F. Supp. 3d 877, 888 (N.D. Ill. 2018); Elliot v. Mission Tr. Servs., LLC, 104 F. Supp. 3d 931, 936 n.3 (N.D. Ill. 2015) ("Technically, failure to state a claim is not a defense, although often erroneously pleaded as such as a matter of course."); Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th Cir. 2012) (distinguishing between Rule 12(b)(6) motions and affirmative defenses). Further, even if "failure to state a claim" was an affirmative defense, the defense must still meet the notice-pleading requirements of Rule 8(a). Sarkis' Cafe, Inc. v. Sarks in the Park, LLC, 55 F. Supp. 3d 1034, 1041 (N.D. Ill. 2014). Defendant's defense for "failure to state a claim" is conclusory and does not include any supporting factual allegations or provide notice to Plaintiff. Thus, even if it was an affirmative defense, it does not meet the Rule 8(a) standard and should be stricken. Id. (ruling that failure to state a claim is not an affirmative defense and noting that, even if it was, "Defendant's one-sentence defense would be insufficient under the *Twombly–Iqbal* standard."). Accordingly, Plaintiff respectfully requests that the Court strike this affirmative defense.

Furthermore, Defendants' "laches and excessive delay" affirmative defense should also be stricken. Affirmative Defenses must be plead "with the specific elements required to establish such defenses." Extended Care Clinical v. Scottsdale Ins., 2021 WL 8321870 at *2 (N.D. Ill. July 20, 2021). Laches requires facts showing an unreasonable lack of diligence by the plaintiff in bring suit and prejudice arising therefrom. Id.; Kenall Mfg. Co. v. Cooper Lighting, LLC, 354 F. Supp.

3d 877, 888 (N.D. Ill. 2018) (internal citations omitted) (noting that a defendant asserting laches must prove lack of knowledge or notice "that the complainant would assert the right on which he bases his suit."). Defendants' assertion of their "laches and excessive delay" affirmative defense is conclusory and does not include any factual allegations in support of the second required element that Defendants were prejudiced by Plaintiff's alleged delay or that Defendants lacked knowledge or notice that Plaintiff would assert their rights. *See*, TWD, LLC v. Grunt Style LLC, No. 18 C 7695, 2020 WL 5415658 at *2 (N.D. Ill. Jan. 16, 2020) (striking affirmative defense of laches because Defendant did "not assert any facts to show prejudice arising from the alleged delay."). Defendants fail to plead any support for the second element required to establish "laches and excessive delay" and no supporting facts are readily discernable from the rest of Defendants' Answer. As such, Plaintiff respectfully requests that the Court strike this affirmative defense.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that this Court:

A.      Strike Defendants' Answer and Affirmative Defenses [Dkt. 66] and Amended Answer and Affirmative Defenses [Dkt. 104]; and

B.      Determine Defendants to be in default on the same terms as the defaulting defendants against whom the Court has already granted default judgment [Dkt. 105].

Dated: August 3, 2023

Respectfully submitted,

/s/ Ilya G. Zlatkin
Zlatkin Cann Entertainment
4245 N Knox Ave
Chicago, IL 60641
(312) 809-8022
ilya@zce.law

*Counsel for Plaintiff*